*Isaac T. Goodson, George T. Read, A. J. and D. James, for appellant. J. P. Curle, for appellee.*

---

John Thernerling *v.* Commonwealth.

**Criminal Law—Sale of Whisky by Merchant Without License.**
    A merchant is one who sells or deals in goods, wares and merchandise, and it is not necessary that he should have a fixed place of business in order to be guilty of selling liquor as a merchant without a license, under the statute prohibiting such sales by unlicensed merchants.

APPEAL FROM TRIMBLE CIRCUIT COURT.

September 11, 1878.

Opinion by Judge Pryor:

Waiving the question as to whether the appellant, being a merchant in Louisville, could be indicted in Trimble when he procured the whisky from his storehouse in Louisville and sold in Trimble,

we are clearly of the opinion that he was a merchant within the meaning of the law in the county of Trimble.

It is not necessary that the room from which the goods, etc., are sold should be stationary. It may be on wheels or sold from the wagon of the peddler. He sold groceries such as sugar and coffee and dry goods, for money and in exchange for produce from his wagon in the county of Trimble. This constitutes him a merchant, and the charge that he was a merchant and dealt in goods, wares and merchandise in the county of Trimble is sufficient to constitute the offense, with the additional charge that he sold the whisky. That he was a merchant and sold the whisky in Trimble county without license is a sufficient charge that he was a merchant in Trimble county.

A merchant is one who sells or deals in goods, wares and merchandise, and it is not necessary that he should have a fixed place of business. A public offense was not only charged but proven in this case, and the motion in arrest of judgment was properly overruled. Judgment *affirmed*.

*Strather & Orr, for appellant.   Moss, for appellee.*

